### In re COMDISCO SECURITIES LITIGATION

### No. 01 C 2110.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 1, 2001.

Adam J. Levitt, Wolf Haldenstein Adler Freeman & Herz LLP, New York, NY, for Plaintiff Class.

Alan N. Salpeter, Mayer, Brown & Platt, Chicago, IL, for Individual Defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

■ Counsel for the plaintiff class in this securities fraud action ("Class Counsel") seek an order compelling the production by the Individual Defendants (a collective term employed here to designate the defendants other than Comdisco, Inc. ("Comdisco"))[1] of any directors' and officers' insurance policies and any other insurance policies relevant to the litigation (collectively "Insurance Policies"). Under ordinary circumstances such production is compelled by the express initial disclosure provisions of Fed.R.Civ.P. ("Rule") 26(a)(1)(B).

Individual Defendants' counsel urge that these are not however "ordinary circumstances"—that the prohibition against discovery that was enacted as part of the 1995 Private Securities Litigation Reform Act ("Reform Act," the provisions of which are cited here simply as "Subsection—," omitting any prefatory reference to "15 U.S.C. § 78u–4") trumps the mandate of the above-cited Rule. Here is Subsection (b)(3)(B):

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the

court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

In their effort to assist this Court to resolve their dispute, the parties have generated a veritable fusillade of letters, respectively calling what they view as supporting authority to their aid: plaintiffs' counsel with letters dated September 17, 21, 26 and 28 and Individual Defendants' counsel with letters dated September 14, 18, 25 and 26. Individual Defendants lean heavily on the mandamus decision in *Medhekar v. United States Dist. Court,* 99 F.3d 325 (9th Cir.1996) (per curiam), while plaintiffs advance a contrary position in reliance on the statutory language and purpose.

In terms of the statutory language, the parties' dispute poses an interesting quirk of semantics: Although the place that Rule 26 occupies in the Rules comes under the rubric of "Depositions and Discovery," Rule 26 itself is meticulous in distinguishing between "disclosure" (including "initial disclosure") and "discovery." Insurance Policies of the type sought by Class Counsel are expressly provided for under Rule 26(a)(1)(D) as part of the mandatory initial "disclosure" by defendants, and *not* in the portions of Rule 26 that speak of "discovery," while by contrast the Reform Act's stay provision speaks only in terms of "discovery and other proceedings."

Nevertheless the fact remains that *Medhekar* considered the distinction identified in the preceding paragraph (one that had been pointed out and elaborated upon by District Judge Marilyn Patel in her opinion sub nom. *Hockey v. Medhekar,* 932 F.Supp. 249 (N.D.Cal.1996) and found it unpersuasive.) Instead *Medhekar* pro-

---

1. Because Comdisco has invoked the mantle of protection of the bankruptcy laws, at this point the automatic stay of 11 U.S.C. § 362 precludes any further proceedings against it.

ceeds on the premise that advance disclosure comes within the scope of "discovery and other proceedings" for Reform Act purposes, and it bars such disclosure on that basis.

This Court does not lightly express its differences with the views of a Court of Appeals, particularly when set forth in an opinion that a distinguished panel has seen fit to issue per curiam. But it must be said that the reliance by *Medhekar*, 99 F.3d at 328 on the fact that the Rule 26 disclosure obligation has been placed within one of the Rules that is in a group of a dozen preceded by the heading "Depositions and Discovery" seems to put excessive weight on an extraordinarily slim reed.

■ Quite apart from the general legal doctrine that a legislative title is not part of the enactment itself—a doctrine that would certainly appear to extend to the general "Depositions and Discovery" categorization that attaches to Rules 26 through 37—there are other indications that the label should not be taken literally. Thus Rule 36 comes within that same group, yet it would surely be an odd locution to characterize a party's request for admission of an already known fact, the denial of which simply results in fee-shifting for the cost of proving the fact at trial (see Rule 37(c)(2)), as "discovery." Yet there Rule 36 is, obviously placed within that grouping for convenience—because its subject matter is related to the other Rules that *are* plainly "discovery" rules—and not because the Rule itself covers "discovery" as such.

Moreover, it must be remembered that the disclosure provisions were newly placed in a pre-existing rule that had contained no such subject matter, and it could scarcely be expected that the generic heading of the dozen Rules would simultaneously be revised to take account of the insertion of such new subject matter.[2] By sharp contrast, when the provisions for initial disclosure were newly inserted into Rule 26, the title of Rule 26 itself *was* changed from "General Provisions Governing Discovery" to "General Provisions Governing Discovery; Duty of Disclosure," thus highlighting the differentiation between the two concepts. That discrete two-category treatment, rather than "disclosures" being merely "a subset of discovery" (*Medhekar*, 99 F.3d at 328), seems to this Court to invalidate the Ninth Circuit's reliance on the purely convenient placement of the new discovery provisions in Rule 26, which has retained its original placement under the generic heading. And when *Medhekar*'s attempted underpinning by that generic heading is thus removed, this Court submits that the entire analytical structure collapses.

■ There is no Seventh Circuit law on the subject, but this Court need not decide whether its just-expressed doubts would prove persuasive to our Court of Appeals, or whether that court would instead sign onto the *Medhekar* analysis and its holding. There is no such need because even in terms of Subsection (b)(3)(B) there is an exception for any situation in which "the court finds upon the motion of

---

**2.** As Chairman of the Judicial Conference's Advisory Committee on the Rules of Evidence, this Court is privileged to attend and participate in the meetings of the Standing Committee on the Rules of Practice and Procedure, which is also the umbrella committee over several other Advisory Committees—those dealing with the Rules of Civil Procedure, the Rules of Criminal Procedure and the Rules of Appellate Procedure. All of those committees do prodigious and meticulous work in conjunction with the amendment procedures of their respective rules—but never once in this Court's experience has any of them discussed or even looked to such chapter headings either as candidates for possible amendment or as aides to construction of the substantive rules.

any party that particularized discovery is necessary. . .to prevent undue prejudice to that party." It is fair to read that exception (indeed the entire Subsection) in light of the two purposes that underlie the statutory prohibition:

1. to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss the complaint (see *Medhekar*, 99 F.3d at 328) and

2. to avoid the situation in which a plaintiff sues without possessing the requisite information to satisfy the Reform Act's heightened pleading requirements, then uses discovery to acquire that information and resuscitate an otherwise dismissable complaint.

Neither of those concerns is implicated here as to the limited request at issue. Insurance Policies, whether present or absent, will not affect the viability of this action as and when Individual Defendants file a motion to dismiss (as they have not yet done). Nor is any burden at all involved in the simple photocopying of readily available Insurance Policies. Importantly in terms of the statutory reference to "undue prejudice," knowledge of the existence or nonexistence of insurance and the amount of any coverage are essential to the exercise of Class Counsel's ability to carry out that law firm's fiduciary obligations to its class member clients—especially given Comdisco's presence in the bankruptcy court, which has triggered the automatic stay of any proceedings against it as a codefendant.[3]

Accordingly Class Counsel's motion is granted. Individual Defendants' counsel are ordered to deliver photocopies of all Insurance Policies to Class Counsel forthwith.

---

3. In light of the conclusion reached here, there is also no need to decide whether the absence of a pending motion to dismiss, as contrasted with defense counsel's statement that such a filing is contemplated, should make any difference in the applicability of Subsection (b)(3)(B).